IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAWN C. KNICKERBOCKER; VIRGINIA L. ATCHLEY; and TAMMY L. BATCH, Individually and on Behalf of those Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADA COUNTY, IDAHO,<br><br>Defendant. | Case No. CV-04-288-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiffs' motion for final certification. The Court heard oral argument on May 26, 2006, and took the motion under advisement. For the reasons expressed below, the Court will grant final certification of a collective action under the Fair Labor Standards Act (FLSA) but deny the request for a class action under Rule 23 for the state law claims.

## ANALYSIS

In an earlier decision, the Court conditionally certified this case as a collective action under the FLSA. Plaintiffs sent out notices and 16 prospective plaintiffs opted into the suit. Plaintiffs now seek final certification.

**Memorandum Decision and Order – Page 1**

Plaintiffs seek to certify a class of Jail Technicians employed by defendant at the Ada County Sheriff's Office at any time between June 8, 2001, and June 8, 2004, and classified by the defendant as exempt under § 7(K) of the FLSA.

Section 216(b) of the FLSA requires plaintiffs to show that prospective plaintiffs are "similarly situated." For plaintiffs to be similarly situated, there must be a factual nexus that binds them together as victims of an alleged policy or practice. *Ballaris v. Wacker Silttronic Corp.*, 2001 WL 1335809 (D.Or. August 24, 2001). In addition, the Court may consider whether the various defenses available to the defendant may be individual to each plaintiff, making it difficult for defendant to present a full range of defenses. *Pfohl v. Farmers Ins. Group*, 2004 WL 554834 at *2 (C.D.Cal. 2004). Finally, the Court should consider fairness and procedural factors. *Id.*

Here, the factual nexus is that prior to April of 2004, the defendant treated the class of Jail Technicians as exempt under § 7(k) of the FLSA. The defendant Ada County may have individualized defenses but the size of the group is not so large that presentation of these defenses would be prejudiced in any way. Finally, the fairness factor weighs in plaintiffs' favor given the basic similarity of their claims and the greater efficiency of resolving them in a single action rather than in individually-filed actions. For these reasons, the Court will certify this action as a

**Memorandum Decision and Order – Page 2**

collective action under the FLSA.

The Court turns next to whether the plaintiffs are entitled to Rule 23 class certification for their state law claims. The Court rejects this claim because plaintiffs have not demonstrated to the Court how a Rule 23 class for the state law claims would provide relief that is not already provided by the FLSA collective action.

Ada County requests the Court to go further and dismiss the state law claims. However, there is no motion to dismiss before the Court, and until the matter is properly presented, the Court will not rule.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to certify class for final certification under 29 U.S.C. § 216(b) (Docket No. 48) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks final certification under the FLSA, 29 U.S.C. § 216(b), for a collective action including as plaintiffs Jail Technicians employed by defendant at the Ada County Sheriff's Office at any time between June 8, 2001, and June 8, 2004, and classified by the defendant as exempt under § 7(K) of the FLSA. It is denied in all other respects, specifically with respect to the request for a Rule 23 class certification of

**Memorandum Decision and Order – Page 3**

state law claims.



DATED: **June 12, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 4**